Call the first case, please. Good morning, everyone. Case number 13-2681, People v. Nicholas Claxton. The attorneys who are going to be presenting today, please approach the podium and identify yourselves. Good morning, Your Honors. Assistant Appellate Defender Rachel Moran, on behalf of Nicholas Claxton. Good morning, Your Honors. My name is John Nowak. I'm the Assistant State's Attorney representing the People of the State of Illinois. All right, good morning. So we'll have about 15 minutes each side. Ms. Moran, did you want to save some time for rebuttal? Yes. May I please reserve about three minutes for rebuttal? Very well. You may proceed. Thank you. May it please the Court. Your Honors, in 2012, the State convicted Nicholas Claxton for an act that was entirely constitutional. There is no dispute that conviction is void. There is also no dispute that that was Claxton's first, and until this case only, felony conviction. The question for this Court is whether the State can use that nonexistent and unenforceable conviction to prove that it's charged of unlawful possession of a weapon by a felon. Because the predicate felony is void, the State cannot meet its burden of proving that Claxton had a valid felony conviction. This Court should reverse his conviction. Was the previous conviction from 2012, or was that from, wasn't that from 2011 or something? Your Honor, it was charged in 2011 and convicted in 2012. Oh, okay. Did he get probation or something for that? Yes, he did. All right. I'd like to begin by discussing the governing precedent on this issue. This Court has already decided this exact issue in both People v. McFadden and People v. Fields. That was another panel. Yes, it was, Your Honor. And that case is currently on appeal. The Supreme Court took that. Did they not? People v. McFadden and People v. Fields and eight other unpublished decisions are pending. No, but wasn't the petition for leave to appeal allowed? Yes, I apologize. People v. McFadden. And the others are all sitting there. But McFadden, which decided this issue, has a PLA allowed. Yes. All right. What this panel has done, this particular panel held in People v. Soto earlier this year, that the Aguilar statute was unenforceable from the moment of its enactment. On a pending case that was directly in front of us? It wasn't a conviction going back in time, was it? Your Honor, what Soto addressed was whether it was a conviction going back in time. Was it this Judge Palmer's decision or was it mine? It was your decision, Your Honor. And what it addressed was, although all three of you, Your Honor, signed off on it. But she may not like it now. No, I like it still. I just remember that it involved a conviction in front of us. Your Honor, if I may, I believe what Soto addressed was this issue, except that it involved the Class II version of the Aguilar statute. So the question was not, it was on an appeal, I believe, from an unlawful use of a weapon by a felon conviction just like this. Except that the difference in that case was, the question was whether the underlying predicate conviction actually was void because it was the Class II version of the offense. I believe that was the factual situation in Soto. And what this Court held is that the statute was unenforceable from the moment of its enactment. Why that's relevant is the State's argument on this case. The State argues that this Court should overlook the three published and seven unpublished cases that have found, in this exact situation, have reversed defendant's convictions. And instead should look to federal law addressing situations which are not directly on point. Well, because they're either a procedural defect or... Exactly, Your Honor. Should we take any guidance from the United States Supreme Court, though? Well, certainly the United States Supreme Court is... Lewis, the underlying felony, if I recall, involved a defendant who didn't have counsel for his earlier convictions. Exactly, Your Honor. And the difference in Lewis and in all of the other cases the State cites, as Your Honor just noted, they all involve procedural defects. Not a single one of the cases the State cites involve a situation where the underlying conduct was actually constitutional and where the State should never have charged the defendant. One of the cases, I think, involved a juvenile conviction. One was a juvenile who was... In that case, I'm thinking that... Was there an argument in one of them that the conviction, the underlying conviction, was void from its inception? Your Honor, there were arguments in a few of these cases, actually, that the underlying conviction was void. And it's people versus... Excuse me, United States versus Mayfield, which Your Honor is referencing, which involved a juvenile improperly tried in adult court. Another one was the underlying conviction involved a grand jury that was improperly selected. Isn't there a question of jurisdiction when the court doesn't have... When an individual who's a juvenile is tried as an adult, isn't there a jurisdiction problem with the court in the first instance who found the person guilty as an adult? Yes, there can be, certainly. And that was... That can make something void, can't it? If the court lacks jurisdiction, then there's a serious question as to whether any judgment entered is void in the true sense. Sure. But what... The difference is that this is... There's... The language in those cases, frankly, isn't entirely clear. A lot of them, the court didn't specifically find that the judgment was void. But what's important is in all of the cases, the court found that the defect was procedural. And here, the defect was constitutional. The state should never have charged... Well, now, that's... Every single one of those, or at least a good number of them, involved constitutional deprivation. So to say they didn't, the right to counsel is constitutional. There were a number of cases that involved constitutional questions, so... But procedural, constitutional questions... Your Honor, the difference is that the act itself was constitutional. There may have been constitutional problems in those cases, but the act itself, the crime the defendants were charged with, not in a single one of those cases was the act itself constitutional. Wasn't there a case where the burglary conviction was expunged because for whatever reason it didn't occur or he wasn't found guilty? Wasn't there a case like that? There were three cases where the convictions were expunged, but not because they didn't happen. It was because the state procedures in those cases were... I'll just say the expungement laws were a lot broader than they are in Illinois. What's the rationale behind all those cases? The rationale is desire for certainty. And if I can address that, Your Honor, in Illinois, in People v. Gersh, the Illinois Supreme Court said that the desire for certainty cannot trump a defendant's constitutional rights. And in Perlstein v. Wolk, the Supreme Court in 2006 said where a defendant's constitutionally protected rights are at issue, strict application of the void ab initio doctrine is appropriate, even if it creates practical problems or harsh results for the state. Wasn't Gersh... Wasn't that the case involving where at the time the legislature had enacted, it provided that the state had the right to a jury trial? Yes. And in that case, it was later determined that the right to a jury didn't belong to the state? Yes. Okay. So that's what the Gersh case is about. At least, I mean, the facts have some significance here, I think. Well, the facts in Mr. Claxton's case are more favorable than anything at issue in Gersh because what the state did to Mr. Claxton is charge him with an offense that's not actually an offense and punish him for content that's constitutional. But what I'm wondering is how can we reach down, how can this Court reach down and grab a hold of the underlying unlawful use of weapons case that we don't, that's not part of the notice of appeal that we don't have jurisdiction over? It doesn't have to, Your Honor. The question for this Court is whether the evidence on this case, on direct appeal, is sufficient to prove Mr. Claxton guilty of unlawful possession of a weapon by a felon. So it doesn't have to reach down. It doesn't have to vacate the conviction. Sure we do because when they tried him back in 2012, they introduced a certified copy of conviction. And when they introduced that certified copy of conviction, that act was not unconstitutional. The conviction wasn't unconstitutional back several years. Yes, it was. So I don't know how, I don't know if you've answered this question. Aren't we essentially going in, we're looking at a case that we have absolutely no knowledge about, and we're going to say that that conviction was void. And isn't that what People v. Flowers tells us? Didn't the Illinois Supreme Court tell us that we shouldn't be involving ourselves in the question of whether or not the underlying case is void or not void, that we should leave that for another court that has jurisdiction over that case? Shouldn't you be in the circuit court seeking to have that conviction vacated? Well, Your Honor, if I can answer, I think these are two related, and if I can answer in two ways. First, to answer Justice Palmer's question, Mr. Claxton is seeking to have that conviction vacated. He has filed a petition for relief from judgment. But what's more important – Okay, good. We'll see you later. Tell us how that goes. Your Honor, what's more important here is that the state hasn't even contested. You don't, the court doesn't have to involve itself in anything. The state has admitted the underlying conviction is void. There's no question – We have an obligation. We always have an obligation to examine our own jurisdiction. And my question is, under the Flowers case, let's talk about the Flowers case. Sure. Under the Flowers case, isn't there a question as to whether we should be involving ourselves in whether or not that's a valid conviction or not? No, I don't believe so, Your Honor. The state hasn't relied on Flowers. I think, certainly, our position would be that the state doesn't have to – excuse me, that this court doesn't have to vacate, actually, the underlying conviction. But it is very much – the court is required to determine whether the state has met its burden in this particular case of proving an element of the offense. And the element of the offense at issue is the validity of the underlying conviction. So this court has to, in order to do its job in this appeal, it has to look at that issue. And if I may, the Supreme Court, the Illinois Supreme Court, has addressed not the exact factual scenario, but it has a long-existing void ab initio doctrine. And several of the Supreme Court's holdings on this point are very important. The Supreme Court has held that a statute declared void ab initio is, and I quote, no law at all, nonexistent, can be afforded no legal recognition. Now, they have that big issue in front of them, too, don't they, about what's void and voidable? In fact, that is the case that your office presented. Is it goes and bury or goes and bury or something like that? It's something bury. Yeah. And so on their docket is this whole question about void and voidable and void ab initio, maybe. I don't know. That might be part of the equation. Isn't really the holding of all these federal cases that what you look at is the person's status at the time? And if they have an infirmity that says, Mr. Claxton, you can't possess a firearm. And don't those cases say that even if a court later says something is void, void ab initio, improper, unconstitutional, what have you, the problem is that at the time he had this infirmity. And so you look at what was his status then. If he wanted to go out and have a gun, he had to take care of that little problem before he possessed a gun. And even further behind this rationale, isn't it the rule of law that if you can't possess a gun at a particular time in your own personal history, that you can't possess a gun because you have a felony conviction? Isn't that all about the rule of law? To address the first part of Your Honor's question, candidly, yes, that is in a sense what the federal cases stand for. But none of the federal cases involved a situation where the state should never have charged that person. And here, it would be improper to continue to punish Mr. Claxton for the state's error. If the state hadn't illegally charged him in that case with an offense and convicted him of something that is he wouldn't be in this situation. But more importantly, even if this court wants to look at the question of whether Mr. Claxton should be considered a felon at the time of this conduct, the charged conduct in this case, the answer is actually no, because of the void ebony doctrine. Because as this court has recognized, and as the Supreme Court has repeatedly recognized, if the statute at issue in Aguilar is to be deemed as never having had any effect, then he can't ever be considered a felon. He should not, the court can call it a legal fiction, it can call it whatever it wants, but he's not a felon. Now, I think that we have jurisdiction to consider anything that's on direct review. But I don't know that we have the authority to go back and look at what the state presented in a previous trial. Now, let me ask you this. Is there any retroactivity question or issue before us in terms of the Aguilar decision? There is not, Your Honor. If there were, the Gersh decision would be, if this court wants to consider retroactivity. The Gersh decision, I don't, like I said, the Gersh decision isn't something that is similar to this case at all. In fact, other than the McFadden, is that? That's the case the Supreme Court actually took. I mean, can you give us a single Illinois case where something like this occurred? Sure, People v. Fields and People v. Dunmore. Dunmore was totally different, too. Dunmore was a probation case on appeal to this court. The defendant was on probation for the class 4 offense, and a petition was filed to violate his probation. So, I mean, I don't, I wouldn't analogize this to Dunmore. I'm asking you if you found anything. I think, Your Honor, none, there aren't any exactly on point. And as much as Your Honor dislikes Gersh, if I can reference it one more time. No, it's not that I don't dislike it. I don't see that it's something that, you know, we would hang our hat on. Well, Your Honor, what Gersh It was about the right to a jury trial, and that was directly, that was pending on direct review. Your Honor, Gersh addressed retroactivity, Your Honor, and that's why I think it's relevant. And what Gersh did is it said that an unconstitutional statute, when addressing retroactivity, it said an unconstitutional statute is, quote, repugnant and instantaneously perverts the rights guaranteed to every citizen. So refusing to hold it retroactive would clearly offend all sense of due process. And so respectfully, Your Honor, I do think that the Gersh analysis of retroactivity is especially relevant to this case because it addressed a situation, and as much as Your Honor distinguishes it, this case is worse. This case is far worse for the state than anything at issue in Gersh. Gersh was a question of whether a defendant had a right to a trial. Here, Mr. Claxton is, the question is, Mr. Claxton is dealing with a situation where the state, he was engaged in constitutional conduct and the state convicted him for that. The state had no right to do so. So if violating a right to a bench trial perverts all sense of due process, then certainly relying on a conviction that involved constitutional conduct also perverts all sense of due process. And as to the jurisdiction issue, this court, I'm not aware of any cases exactly on point, and that's probably because it is so rare for the Illinois Supreme Court to find an entire offense unconstitutional. That's why I'm not aware of any cases against us on this issue. The three published cases, or the two published cases, if Your Honor wants to disregard Dunmore, do involve this factual situation. Well, Dunmore is not this situation. I would say McFadden and Fields are, but not Dunmore. Then I believe the only two cases addressing anything like this are in this same factual context. They're McFadden and Fields. Is your office doing McFadden? Yes. Did you represent the defendant in the underlying case? Did I? No, but your office did. Oh, in McFadden? Yes. I am not sure about McFadden. We could not represent Mr. Claxton in the underlying case because the notice of appeal was filed late. In the 2011 case, in the underlying case, there weren't any merge counts in the trial court, were there? Your Honor, there were two, but they both involved the unconstitutional portion of Aguilar. What about a situation where we've had in some other cases where the conviction is entered on this, what is now an unconstitutional statute under Aguilar, but there were merge counts that may not have fallen under that decision? I mean, in that situation, is it appropriate for us to be grabbing the underlying conviction and saying it's unconstitutional or shouldn't we be sending it back to see what happens with the merge counts? I think in that situation, this court could certainly vacate the conviction. So you're saying that the predicate felony involved merge counts? Yes, let's say that there was a merge count for unlawful possession by a juvenile or if it was unlawful possession of a sawed-off shotgun or a machine gun or something like that, which wouldn't fall under Aguilar, but it was merged into just the concealed weapon count. Sure. I mean, wouldn't it be kind of tricky for us to say that's void and you're done? Or would we be sending that back to see if the conviction would be entered on a merge count or something like that? I know that's kind of an out-of-the-blue question. No, that's fine. Your Honor, I think that without having considered the issue enough, I think that the proper remedy probably would be to remand if there were an existing valid felony that had not, it wasn't nollied, it wasn't anything like that. If it actually was part of the conviction, it was simply merged, then my instinct would be to say that the proper remedy would be to remand. Here, there's no question about that. Wasn't this a sawed-off shotgun? In this case, it's possible, but the state nollied that count. How about the actual, the 12? It was, wasn't it? You don't know, but I believe the record indicates it was. A police officer did testify that it was. Defense counsel didn't bother cross-examining on that issue because the state had nollied that count. Yeah, that was one of the counts. And there was body armor. Yes, but the body armor itself was not illegal. It was what enhanced the offense. Right, and there's a felony offense for body armor with a gun with no FOID card, but that wasn't charged in this case. Yes, that's true. Because it was nollied. It was not charged, Your Honor. That's the only felony I think that's out there. You can't just have a gun and body armor for it to be a felony. What you need is a gun, armor, and no FOID card. Your Honor, Mr. Clapson had an FOID card, and it was taken away as a result of the first unconstitutional offense. So that would also, that was never charged, but if it were, that would go back to the question of whether we can continue to reward the state for their illegal behavior in the first case. Mr. Rand, do you want to wrap up? Here, let me just ask you one question. The result in this case in the trial court, could that ever be considered a fair and just result? Absolutely not, Your Honor. What we have here is a defendant who was punished for constitutional conduct in the first case and is now being repunished because the state is seeking to take the benefit of its own illegal conduct and use it again against Mr. Claxton. Thank you. Thank you. Thank you. Let me ask you the same question. Could this result be a fair and just result? Yes, Your Honor. This defendant was a convicted felon on that date on August 4, 2012. He knew he was a convicted felon on that date, and yet he possessed that weapon. But wasn't he a wrongfully convicted felon? He needed to wait to possess a weapon again until he got that first conviction thrown out, voided, gone to court, did what happened in Aguilar, directly appeal that conviction and have it found unconstitutional and vacated. Do you have any idea what's going on with this petition to vacate the underlying conviction in this case? I do not, Your Honor. But quite frankly, it's irrelevant because that occurs after the date he possessed the weapon. No. All right. Now, what about Aguilar? Is your office or the office of the Attorney General of this state in any way appealing that decision? From what I understand, Your Honors, the Attorney General's office declined to file a cert petition from that decision. Okay. And doesn't the – is this a procedural issue whereby the Attorney General can only appeal that decision? Do you know the answer to that question? As far as Aguilar, I do not, Your Honors. I do not. I do know that – Well, that would be the case with regard to the Moore decision. With the Moore. That was the one where the Attorney General's office declined to file a cert petition. All right. So I'm not asking about Moore. As far as Aguilar goes, I don't believe we filed a cert petition from Aguilar. Because in your brief, one of the arguments you made is that if the decision is reversed, that that leaves this uncertainty. But if no one's appealing it, how is it going to be reversed? If it comes out from a different circuit, a different state. Because once the U.S. Supreme Court – if the U.S. Supreme Court were to find that the rationale behind Aguilar – because the U.S. Supreme Court has never held that there's a constitutional right to possess a weapon outside your office. So if that's really the case, why would the Attorney General of this state and the state's attorney of Cook County not file some petition for review? That is a decision that takes place – On the pay grade, right? Exactly, Your Honors. That is for higher up in the office, as far as that goes. Okay. But you just said that – you know, I think Heller and McDonald, neither of which involved an actual gun outside the home. Is that right? That is correct. They were inside the home. The U.S. Supreme Court's never ruled on it outside the home. And then you just said that, you know, there's no constitutional right. Or those cases haven't decided the issue about whether you can have a gun out on the street whenever you want, wherever you want. But we are kind of aware now that neither the Attorney General nor the state's attorney of Cook County has seen fit to in any way challenge what they believe is an inaccurate, incorrect decision. As far as this case goes, Your Honor, because, again, this is not a direct appeal from that Class IV form of AUUW. This is an unlawful use of a weapon by a felon. And the issue is, was he a felon on that date, on August 4, 2012? And quite simply, he was. There isn't a single federal case, I think, that Ms. Moran has quite adequately presented to us, the fact that not a single federal case deals with a statute that has been declared unconstitutional, void of initio. There really wasn't a single federal case you cited where the underlying conviction had maybe what we would call procedural constitutional defect. Your Honor, it all comes down to what does void of initio mean. And it doesn't mean something unique in Illinois that it doesn't in any other jurisdiction. Well, what do you mean it all comes down to that? Because if it all comes down to that, there is no statute. There never was. And he was found guilty of an offense that doesn't exist. But that's no different than in this litany of federal cases where, for instance, in Lee, where the prior conviction there had been expunged, actually expunged, as if, again, just like defendants arguing, taking it off the books, as if it never existed. But it wasn't because the offense didn't exist. The effect is the same, though, Your Honor. When you say that something doesn't exist in the past. I don't know if the effect is the same. Because there isn't a single federal case where the actual conduct was subsequently declared unconstitutional. So, I mean, I didn't see one in any of the cases that were cited. That is true enough, Your Honor. To pick up on what Justice Gordon asked each of you, if you just talk about fairness, what we are now, if you accept the Aguilar and accept the Moore decision, which is apparently not being challenged for some reason, we're talking about innocent conduct. So in the 2011 case, Mr. Claxton had a gun. That's innocent conduct. And now, again, in this new case, he had a gun, and under the current state of the law, that's innocent conduct. So you have two situations of innocent conduct, and he's sitting in the penitentiary for 10 years. How can that be fair? The difference is this time, Your Honor, on August 4, 2012, he was a convicted felon. Aguilar had not been decided. His conviction had not been vacated or voided. Even today, his prior conviction hasn't been vacated or voided. He was a felon on that date. On that date, let's think back to August 4, 2012. He knew he was a convicted felon. And knowing that, he still possessed this weapon and that body armor. He knew on that date. And that's why with all of these federal cases, they do not have all statutes on them. That's the ultimate public policy goal. You have two situations where he has a gun in 2011 and he has a gun now. Both of those are not against the law. But you're saying he should be in the penitentiary for two things that aren't against the law? Because he was a convicted felon on that date. If he wanted to possess a weapon on that date, he needed to have that prior felony conviction vacated, voided, reversed, expunged, pardoned, anything. I'm just wondering if that's a form over substance kind of position. It is simply an interpretation of the statute. You're taking a guy who's committed two instances of conduct that are not prohibited by the law, and you put them together, and now he's in the penitentiary. It really, truly, in effect, is no different than this litany of federal cases. They may not involve constitutional issues as far as the statute, but in those cases, for instance, in Padilla from the Ninth Circuit in 2004, that involved a predicate conviction that was vacated non-protonct to a date before his arrest as a felon in possession. So, again, effectively wiping it from the books as if he was not actually a convicted felon on that date he possessed that weapon. The Ninth Circuit found that that was irrelevant. They said- Okay, what does void ad misio? You said it all comes down to what this term means. It means it goes back in the past. And what does it mean? As if it never existed. Okay, so are we to ignore that the conviction from 2011, are we to ignore that it never existed? It still exists, Your Honor. If you look it up today on the court records, it is there. He is a convicted felon for that. I don't know if it's there. It is. He hasn't had it vacated or voided. It's declared under this Latin term that it's void from its inception. It doesn't exist. It's as if it never existed. So I don't know. I mean, you know, I'm not really sure. Well, as Your Honor is getting to this point, the Ninth Circuit recognized the same problem and said, as they put it in their words, the distinction between a conviction that is invalid and one that is, quote, void from its inception, unquote, depends too much on semantics. They held it doesn't matter. Void ad misio, non-protonic, expunge, pardon, doesn't matter. Are you a felon on that date? I'm wondering if Illinois, you know, you're talking about two different sovereigns. I'm wondering if Illinois ascribes to the same theory that federal courts do with regard to this void ad misio question. I mean, we all know that Illinois has this, and as Justice McBride said, it's a question that's pending in the Supreme Court right now, what void ad misio versus void should be all about. But doesn't Illinois have kind of its own unique way of looking at void ad misio going all the way back to ARNA? No, Your Honor. No, it means the same thing it means in every other jurisdiction, as if it never existed. Well, you know, there's some language in ARNA not cited by either of the parties, but I think it says something like when a court of review has before it information or I'm trying to think of the language now, but it says something like, you know, you can't ignore something that's void and that the court on its own can take the action to remedy it. And that case, of course, was this situation involving a consecutive sentence, a mandatory consecutive sentence where the appellate court decided that the defendant was appealing his conviction, but they decided on their own that the mandatory consecutive sentencing hadn't been followed, so they were remanding for the trial court to impose mandatory consecutive sentences, and the Supreme Court affirmed that, and there is where that language comes in, and I don't remember exactly what it says. The difference, of course, Your Honors, is that that did not involve a predicate offense, predicate conviction. That's what's different here, but what makes it the same to all these federal cases? These are based on predicate convictions, and this statute is a simple statute. Felons may not possess guns. If you're a felon on that date, you may not possess a gun. You may believe that you were wrongfully convicted on the original one, but until you get into court. Well, he couldn't really go in and challenge it in this case because there was nothing out there that said the statute was unconstitutional. That was also true for Aguilar, the defendant in Aguilar. Yeah, the one that's, you know, nobody's appealed, so I don't know that there's any question of its efficacy. And yet that is how the defendant in Aguilar got his conviction overturned, and that is what happened in Dunmore, which involved a direct appeal from a Class IV form of AUUW, getting into court and having it vacated. After it's vacated or declared void or expunged or pardoned, that is when the defendant may possess a weapon again. It's that simple. Well, if there were a federal case involving underlying conduct that had been held unconstitutional, you know, we'd be on the same page, but we're not. One last point on those federal cases, Your Honors, is that with several of them, including Lee, including Padilla, those involved cases where the defendant, before trial, had actually already had that prior conviction expunged or vacated non-proton to a date before he possessed the weapon. And yet, in both cases, the Federal Circuit's Courts of Appeal affirmed his convictions because it held that it doesn't matter that it was vacated after the fact that he possessed that weapon. Here, McFadden and Fields are the only decisions in Illinois, and as far as I'm aware, in the country that have held that a predicate offense that is under some sort of unconstitutional statute cannot serve as a predicate offense for a felony possession by a weapon. What's the timeframe on McFadden? We will be filing, the state will be filing its brief within the next 30 days, Your Honor, the opening brief. All right, Mr. Nolot, do you want to wrap up? Yes, Your Honor. In conclusion, he was a convicted felon on that date, and for that reason he was properly convicted of unlawful use of a weapon by a felon. We ask that this conviction be affirmed. Thank you. Thank you. Ms. Moran? And to please the Court, I have just two brief points. I first want to apologize to Justice Palmer. The state did briefly rely on People v. Flowers, as I'm sure you're aware, in its brief. So if I can just very briefly address that. What Flowers says is that a void order can be attacked at any time, as long as the appellate court has jurisdiction, or the Supreme Court. And there's no question this court has jurisdiction over the case. There was a conviction, a properly filed notice of appeal, a direct appeal from that conviction, and a question of the sufficiency of the evidence to prove that conviction. As to the state's entire argument, essentially boils down to the fact that they believe Claxton was a convicted felon in August of 2012. And Mr. Nowak specifically said his conviction still exists. In People v. Tellus, Valencia, the Supreme Court said that a conviction under a statute that was void ebonitio never existed, is non-existent. Those are both direct quotes from the Supreme Court. And that directly rebuts the state's contention that his conviction, his underlying conviction in this case, still exists. The state could not directly answer Justice Gordon's question as to whether this is an unfair situation. It said he should have appealed that in a different way. He's doing what he can. He is appealing that conviction. He has filed a petition for relief from judgment. And he's also contesting it properly in this appeal. Well, what is happening with that? Your Honor, there's a, he filed it in May. Yes. There is a hearing scheduled for September 19th. I don't represent him on that, so I don't know. It may be vacated on September 19th, which is just 10 days away. I'm not sure. The state hasn't. Is that in front of Judge Lynn? Yes, it is, Your Honor. And the state hasn't given me anything. They're not required to because I cannot represent him in the circuit court. Is there a mandatory minimum of 10 years on this offense? It's a Class X, but does it have a mandatory minimum of 10 years? Yes. Judge Lynn gave him the mandatory minimum in this case. All right. Thank you. Well, thank you very much. It's a fascinating case, and we'll take it under advisement.  Let's call the next case, please.